UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re: Chapter 11

TAYLOR, BEAN & WHITAKER MORTGAGE CORP., *et al.,*

Debtors.

Case No. 3:09-bk-07047-JAF
Case No. 3:09-bk-10022-JAF
Case No. 3:09-bk-10023-JAF
(Jointly Administered Under Case No. 3:09-bk-07047-JAF)

_______________________________________/

NEIL F. LURIA, as Trustee to the TAYLOR, BEAN & WHITAKER PLAN TRUST,

Adv. Pro. No. 3:11-ap-00693-JAF

Plaintiff,

v.

THUNDERFLOWER, LLC,

Defendant.

_______________________________________/

**PLAINTIFF'S AMENDED RULE 26 INITIAL DISCLOSURES**

Plaintiff, Neil F. Luria, as Plan Trustee to the Taylor, Bean & Whitaker Plan Trust (the "Plaintiff"), by and through undersigned counsel, makes the following amended initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure.

**I. Name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:**

a Maureen Emig, 4901 Vineland Road, Suite 120, Orlando, FL 32811, Ph: 321-710-0174, c/o Paul Avron, Berger Singerman, LLP, 1450 Brickell Ave., Suite 1900, Miami, Florida 33131, pavron@bergersingerman.com.

Ms. Emig, Vice President of Taylor, Bean & Whitaker Mortgage Corp. ("TBW"), has knowledge of the transfers and facts underlying the allegations in the complaint, and the accounting of the same.

b. Corporate Representative of Taylor, Bean & Whitaker Plan Trust, c/o Paul Avron, Berger Singerman, LLP, 1450 Brickell Ave., Suite 1900, Miami, Florida 33131, pavron@bergersingerman.com.

Corporate Representative has knowledge of TBW including the chapter 11 plan confirmation process as TBW's CRO and Plan Trustee of the post-confirmation trust.,

c. Delton de Armas, 2258 Big Ben Drive, Carrolton, TX 75007-5936, Ph: 352-622-9234

Mr. de Armas has knowledge of TBW's transactions with third-parties, accounting, and financial management as its former CFO, and as the owner or former owner of Brick City Accounting which handled accounting functions for entities owned in whole or in part by TBW's former Chairman of the Board Lee Farkas, including Defendant.

d. Mary Lee, 14990 SW 39th Circle, Ocala, FL 34473, Ph: 352-427-3582

Ms. Lee has knowledge of transactions, accounting treatment, and accounting functions related to entities owned in whole or in part by TBW's former Chairman of the Board Lee Farkas, including Defendant.

e. Any person designated by the Defendant in its Rule 26 Initial Disclosures.

f. Plaintiff reserves the right to further amend and supplement this list pending completion of the discovery process.

**II. Description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody and control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

a. Documents regarding or evidencing agreements relating to the transfers underlying the complaint.

b. Documents and data compilations regarding or evidencing the transfers underlying the complaint.

c. Documents and data compilations regarding accounting records and treatment of the transfers underlying the complaint.

d. Documents regarding or evidencing communications relating to the transfers and facts underlying the complaint.

e. Documents and data compilations regarding or evidencing TBW's financial position during and after the transfers underlying the complaint.

f. All documents produced or to be produced by third-parties.

g. All documents produced or to be produced by Defendant.

h. Plaintiff reserves the right to amend and supplement this list pending completion of the discovery process.

**Custody of documents:**

The documents identified above are in: (a) an online electronic database of documents collected and preserved from the operations of TBW; (b) TBW's records stored in electronic or physical storage space; or (c) documents, data compilations, and/or reports generated from TBW's records which have or will be produced before trial.

## III. Computation of Any Category of Damages

Plaintiff claims damages in the amount of $8,483,554.71, *i.e.*, the full amount of the preferential and fraudulent transfers to and for the benefit of Thunderflower, LLC, plus pre-judgment and post-judgment interest.

## IV. Insurance Agreement(s)

There are no insurance agreements at issue.

Plaintiff reserves the right to further amend the initial disclosures provided in sections I, II, III, and IV.

Dated: August 1, 2018

BERGER SINGERMAN LLP
*Counsel for Plaintiff*
1450 Brickell Ave., Suite 1900
Miami, Florida 33131
Tel: 305.755.9500
Fax: 305.714.4340

By: */s/ Paul A. Avron*
P. Benjamin Zuckerman, Esq.
Florida Bar No. 001068
bzuckerman@bergersingerman.com
Gavin C. Gaukroger, Esq.
Florida Bar No. 76489
ggaukroger@bergersingerman.com

Paul A. Avron
Florida Bar No. 50814
pavron@bergersingerman.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served electronically through the Court's CM/ECF System upon Kimberly Held Israel, Esq., McGlinchey Stafford, Attorneys for the Defendant, 10407 Centurion Pkwy. North, Suite 200, Jacksonville, FL 32256, email: kisrael@mcglinchey.com on this 1st day of August, 2018.

*/s/ Paul A. Avron*
Paul A. Avron