UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| TAYLOR, BEAN & WHITAKER MORTGAGE CORP., *et al.,* | Case No. 3:09-bk-07047-JAF<br>Case No. 3:09-bk-10022-JAF<br>Case No. 3:09-bk-10023-JAF |
| Debtors. | (Jointly Administered Under<br>Case No. 3:09-bk-07047-JAF) |

_____/

| | |
|---|---|
| NEIL F. LURIA, as Trustee to the TAYLOR, BEAN & WHITAKER PLAN TRUST, | Adv. Pro. No. 3:11-ap-00693-JAF |
| Plaintiff, | |
| v. | |
| THUNDERFLOWER, LLC, | |
| Defendant. | |

_____/

### PLAINTIFF'S *EX PARTE* MOTION FOR ENTRY OF FINAL JUDGMENT

Neil F. Luria, Plan Trustee for the Taylor, Bean & Whitaker Plan Trust (the "Plaintiff"), by undersigned counsel, moves, on an *ex parte basis,* for entry of a Final Judgment in the above-captioned adversary proceeding, and in support thereof states:

1.      On September 28, 2018, the Court entered it *Order Granting in Part and Denying in Part Partial Summary Judgment* (the "Partial SJ Order"). (Doc. No. 83).

2.      In the Partial SJ Order, the Court granted Plaintiff summary judgment on the constructive fraudulent transfer claims in Counts III, V and VI of Plaintiff's Complaint and that part of Count VII of the Complaint seeking recovery of those transfers under Section 550 of the Bankruptcy Code.

1

3.      In the Partial SJ Order the Court denied Plaintiff summary judgment on the actual fraudulent transfer claims in Counts II and IV of Plaintiff's Complaint and that part of Count VII of the Complaint seeking recovery of those transfers under Section 550 of the Bankruptcy Code.

4.       In the Partial SJ Order the Court denied Plaintiff summary judgment on the fraudulent transfer claims based on transfers more than 4 years prior to the Petition Date totaling $996,926.82 (collectively, the "Post-4-Year Transfers").

5.      On December 12, 2018, the Court entered the *Order Granting Plaintiff's Corrected Ex Parte Motion to Dismiss, with Prejudice, Counts I, II and IV of the Complaint and Related Unadjudicated Claims in Plaintiff's Complaint* (the "Dismissal Order"). (Doc. No. 93)

6.      Given entry of the Dismissal Order, which dismisses, *with prejudice*, Counts I, II and IV of the Complaint, and any claims based on the Post 4-Year Transfers, all other claims have been fully and finally resolved by the Partial SJ Order. Accordingly, it is proper for this Court to now enter a Final Judgment in the above-captioned adversary proceeding.

WHEREFORE, based on the foregoing, Plaintiff respectfully requests that the Court enter an order in the form attached hereto as **<u>Exhibit A</u>** (a) granting the Motion; (b) entering the form of Final Judgment attached to this Motion as **<u>Exhibit B</u>**; and (c) granting such other and further relief the Court deems just and proper.

Dated:  December 12, 2018        Respectfully Submitted,

        BERGER SINGERMAN LLP
        Attorneys for Plaintiff
        1450 Brickell Ave., Ste. 1900
        Miami, FL  33131
        Telephone: (305) 755-9500
        Facsimile: (305) 714-4340

        By:   */s/ Paul A. Avron*
            James D. Gassenheimer
            Florida Bar No. 959987
            jgassenheimer@bergersingerman.com
            P. Benjamin Zuckerman
            Florida Bar No. 187143
            pbzuckerman@bergersingerman.com
            Paul A. Avron
            Florida Bar No. 50814
            pavron@bergersingerman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically through the Court's CM/ECF system upon all parties registered to receive electronic notice in this case as indicated in the attached Electronic Mail Notice List, and via U.S. Regular Mail, postage prepaid, upon the Defendant, Thunderflower, LLC, 77 Juniper Trail, Ocala, FL 34480 on this 12th day of December, 2018.

                */s/ Paul A. Avron*
                Paul A. Avron

3

**<u>EXHIBIT A</u>**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                              Chapter 11

TAYLOR, BEAN & WHITAKER                             Case No. 3:09-bk-07047-JAF
MORTGAGE CORP., *et al.,*                           Case No. 3:09-bk-10022-JAF
                                                    Case No. 3:09-bk-10023-JAF
            Debtors.                                (Jointly Administered Under
                                                    Case No. 3:09-bk-07047-JAF)
_____/

NEIL F. LURIA, as Trustee to the TAYLOR,
BEAN & WHITAKER PLAN TRUST,                         Adv. Pro. No. 3:11-ap-00693-JAF

            Plaintiff,
v.

THUNDERFLOWER, LLC,

            Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR ENTRY OF FINAL JUDGMENT

THIS MATTER came before the Court, without hearing, on *Plaintiff's Ex Parte Motion for Entry of Final Judgment* (the "Motion") (Doc. No. ___) filed by Plaintiff, Neil F. Luria, Trustee to the Taylor Bean & Whitaker Plan Trust (the "Plaintiff"). The Court having reviewed the Motion, the record in this case and being otherwise duly advised in the premises, does

**ORDER** as follows:

1.      The Motion is **GRANTED**.

2.      The Court shall enter a Final Judgment against the Defendant and in favor of the

Plaintiff in the form attached to the Motion as Exhibit B.


*(Paul A. Avron, Esq. is directed to serve a copy of this Order on interested parties and file a proof of service within 3 days of the entry of the order.)*

2

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                          Chapter 11

TAYLOR, BEAN & WHITAKER                          Case No. 3:09-bk-07047-JAF
MORTGAGE CORP., *et al.*,                        Case No. 3:09-bk-10022-JAF
                                                 Case No. 3:09-bk-10023-JAF
            Debtors.                             (Jointly Administered Under
                                                 Case No. 3:09-bk-07047-JAF)
_____/

NEIL F. LURIA, as Trustee to the TAYLOR,
BEAN & WHITAKER PLAN TRUST,                      Adv. Pro. No. 3:11-ap-00693-JAF

            Plaintiff,

v.

THUNDERFLOWER, LLC,

            Defendant.
_____/

**FINAL JUDGMENT IN FAVOR OF NEIL F. LURIA, AS TRUSTEE OF THE TAYLOR
BEAN & WHITAKER PLAN TRUST, ON COUNTS III, V, VI AND VII OF THE
COMPLAINT TO AVOID PREFERENCE AND FRAUDULENT TRANSFERS
AND RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550**

THIS MATTER came before the Court upon the *Plaintiff's Motion for Entry of Final
Judgment* filed by Plaintiff, Neil F. Luria, in his capacity as Trustee for the Taylor Bean &
Whitaker Plan Trust, on December 12, 2018 (Doc. No. ___).  Upon the Court's *Order Granting*

*Plaintiff's Motion for Entry of Final Judgment* (Doc. No. ____) and *Order Granting in Part and Denying In Part Partial Summary Judgment* entered on September 28, 2018 (Doc. No. 83), **FINAL JUDGMENT** is hereby entered in favor of Plaintiff Neil F. Luria on Counts III, V, VI and VII of his *Complaint to Avoid Preferential and Fraudulent Transfers and to Recover Property Transferred Pursuant to 11 U.S.C. § 550* (Doc. No. 1), in his capacity as Trustee for the Taylor Bean & Whitaker Plan Trust, and against Defendant Thunderflower, LLC, with a place of business at 77 Juniper Trail, Ocala, Florida 34480, in the principal amount of **$6,176,787.75**, plus post-judgment interest pursuant to 28 U.S.C. § 1961, for which let execution immediately issue.

# # #

8806982-1