UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| TAYLOR, BEAN & WHITAKER | Case No. 3:09-bk-07047-JAF |
| MORTGAGE CORP., *et al.,* | Case No. 3:09-bk-10022-JAF |
| | Case No. 3:09-bk-10023-JAF |
| Debtors. | (Jointly Administered Under |
| | Case No. 3:09-bk-07047-JAF) |

_____/

| | |
|---|---|
| NEIL F. LURIA, as Trustee to the TAYLOR, | |
| BEAN & WHITAKER PLAN TRUST, | Adv. Pro. No. 3:11-ap-00693-JAF |
| | |
| Plaintiff, | |
| v. | |
| | |
| THUNDERFLOWER, LLC, | |
| | |
| Defendant. | |

_____/

## MOTION TO COMPEL McGLINCHEY STAFFORD PLLC TO COMPLY WITH POST-JUDGMENT SUBPOENA DUCES TECUM

---

### NOTICE OF OPPORTUNITY TO OBJECT
### AND REQUEST FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 14 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at Brian Simpson United States Courthouse, 300 North Hogan Street, Ste. 3-150, Jacksonville, FL  32202 and serve a copy on the movant's attorney, Paul A. Avron, Esq., Berger Singerman LLP, One Town Center Road, Ste. 301, Boca Raton, FL  33486, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

8926754-3

Plaintiff, Neil F. Luria, as Trustee to the Taylor, Bean & Whitaker Plan Trust (the "Plaintiff"), pursuant to Fed. R. Bankr. P. 7037(a) and Local Rule 7037-1, moves the Court for entry of an order compelling McGlinchey Stafford PLLC ("McGlinchey") to comply with Request Nos. 1, 15 and 17 of the post-judgment Subpoena to Produce Documents served on it as set forth herein, and in support thereof states as follows:

1.      On December 18, 2018, the Court entered Final Judgment in favor of Plaintiff and against Thunderflower, LLC in the principal amount of $6,176,787.75, plus post-judgment interest. (Doc. No. 97)

2.      On January 15, 2019, Plaintiff caused a Subpoena to Produce Documents to be served on third-party McGlinchey, former counsel of record to Thunderflower, LLC, in care of its Registered Agent, NRAI Services, Inc. A true and correct copy of the Subpoena to Produce Documents is attached hereto as **Exhibit A**.

3.      With Plaintiff's consent, McGlinchey served its *Objections and Response to Subpoena to Produce Documents, Information or Objects* (the "Objection") on March 6, 2019, after the initial return date.   A true and correct copy of the Objection is attached hereto as **Exhibit B**.

4.      As a result of several meet and confers between Plaintiff and McGlinchey, the parties have narrowed their open issues to three Request—Nos. 1, 15 and 17.

5.      Request No. 1, and McGlinchey's response/objection thereto, state:

**Request No. 1**: Any and all engagement letters or retainer agreements, or supplements to engagement letters or retainer agreements, or other documents reflecting or relating to any agreement entered into between You and Thunderflower, LLC pursuant to which Thunderflower hired You to defend it in connection with the Adversary Proceeding.

**Response/Objection**: Objection as vague, ambiguous, overbroad in scope due to the improper and overreaching definition of Thunderflower. Further, all requested documents are subject of the attorney-client privilege.

6.     Through the parties' meet and confer, that part of McGlinchey's objection to Request No. 1 regarding the definition of "Thunderflower" has been resolved—the definition is by agreement limited to the Thunderflower entity McGlinchey represented in the above-captioned adversary proceeding. Thus, McGlinchey's objection is limited to its assertion that any engagement letter, or supplement thereto, it entered into with Thunderflower is (are) within the scope of the attorney-client privilege. For starters, Plaintiff seeks these documents, in large part, so that it can identify the appropriate person(s) to depose in an effort to locate executable assets of Thunderflower since it is no longer represented by counsel.   Thunderflower declined to obtain substitute counsel as contemplated by prior Order of the Court (Doc. No. 86), and failed to respond to a post-judgment request to produce served on it by the Plaintiff.

7.     The Court should overrule McGlinchey's objection to Request No. 1 based on the attorney-client privilege.   The privilege is to protect communications by clients seeking, and lawyers providing, legal advice.   *See In re Grand Jury Subpoena of Slaughter,* 694 F.2d 1258, 1260 (11th Cir. 1982) ("The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice...."); *In re College Landings Ltd. P'ship*, 248 B.R. 619, 622 (Bankr. M.D. Fla. 1998) ("Federal common law recognizes an attorney-client privilege that protects from discovery communications from a client to an attorney *for the purpose of obtaining legal advice*….'") (quoting 6 James Wm. Moore et al., *Moore's Federal Practice* § 26.49[1] (3d ed.1997)) (emphasis added).   Engagement letters merely state that a law firm (or other professional service firm) is representing a client in a particular matter and the terms and conditions of such an engagement.   Engagement letters

issued by law firms do not contain legal advice, and critically McGlinchey's response/objection to Request No. 1 does not state that its engagement letter, as supplemented, if at all, provides legal advice to Defendant Thunderflower.  Based on the foregoing, the Court should overrule McGlinchey's objection to Request No. 1.

8.      Request No. 15, and McGlinchey's response/objection thereto, state:

> **Request No. 15**: Any and all documents evidencing or tending to evidence the transfer of or change in ownership of CPMG at any time between August 4, 2009 and the Present.

> **Response/Objection**: This request seeks documents that would be subject to and protected by the attorney-client privilege between McGlinchey and CPMG, a separate entity for whom the privilege is not being waived. Plaintiff dismissed its adversary proceeding against CPMG without obtaining a judgment against CPMG and cannot use this action/forum in which to conduct discovery about CPMG.

9.      Although Plaintiff dismissed an adversary proceeding it had initiated against CPMG prior to obtaining a judgment, McGlinchey has no basis to avoid production of documents responsive to Request No. 8.  First, CPMG was the sole member of Thunderflower, whose majority member at all times was Lee Farkas, TBW's control person.  *See Luria v. CPMG, LLC*, Adv. Pro. No. 3:11-ap-00477-JAF (Bankr. M.D. Fla.) (Doc 73, Ex. A [Affidavit of Maureen Emig], ¶6).  Because CPMG was the sole member of Thunderflower, and the Plaintiff has a final and non-appealable judgment against Thunderflower, the Plaintiff has every right to conduct post-judgment discovery as to CPMG.   Second, documents reflecting a change of ownership in CPMG for the defined time frame (or any other time frame for that matter) would not constitute legal advice, but instead concern a purely factual matter of ownership of CPMG. Unsurprisingly, McGlinchey does not explain how or why the documents requested implicate the attorney-client privilege.  Third, given the "very broad" scope of post-judgment discovery that Plaintiff dismissed the prior action it had filed against CPMG is wholly irrelevant.  *See Fed. R.*

8926754-3

Civ. P. 69(a)(2) ("In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."); 12 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3014 (2d ed. 1997) ("The judgment creditor is allowed discovery to find out about assets on which execution can issue or about assets that have been fraudulently transferred or are otherwise beyond the reach of execution.... The scope of examination is very broad, as it must be if the procedure is to be of any value."); *Fed. Deposit Ins. Corp. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995) ("The scope of postjudgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made."). Based on the foregoing, the Court should overrule McGlinchey's objection to Request No. 15.

10.    Request No. 17, and McGlinchey's response/objection thereto, state:

> **Request No. 17**: Any and all documents provided to You by Lee Farkas, Joseph Ellis, Gregory Hicks, Sanjay (Sonny) Bector, and/or Alan Briggs relating to the ownership of each or any of (i) Thunderflower; (ii) CPMG; (iii) Chisolm Properties; and (iv) Blakes.

> **Response/Objection**: This request appears to be duplicative of requests numbered 6, 8, 9, 11, 13, 14 and 16, and as such, McGlinchey refers to its responses above accordingly. With regard to the portion of the request seeking the production of documents related to Chisolm Properties or Blake's, McGlinchey has no responsive documents. With regard to the portion of the request seeking the production of documents related to Thunderflower, McGlinchey objects as vague, ambiguous, and overbroad in time and scope due to the improper and overreaching definition of Thunderflower. Further, all requested documents are subject to the attorney-client privilege. With regard to the portion of the request that seeks documents related to CPMG, a separate entity and non-party to the instant action for whom the privilege will not be waived and is not being waived. Further, Plaintiff dismissed its adversary proceeding against CPMG without obtaining a judgment against CPMG and cannot use this action/forum in which to conduct discovery about CPMG.

8926754-3

11.     Because McGlinchey states that it has no responsive documents regarding Blake's or Chisolm, Plaintiff does not move to compel regarding that assertion. Consistent with its statement above which clarified that the defined term "Thunderflower" means only the Defendant in the above-captioned adversary proceeding, the Court should summarily reject that part of the objection regarding that term as defined.  To the extent McGlinchey's time and scope objection is separate from its definition-based objection, the Court should reject that objection, too.  Response No. 17 is limited to documents provided by 5 specifically identified individuals connected with Thunderflower; that is not overbroad regardless of the absence of a date restriction.  Of note, McGlinchey does not object on the basis that retrieving and producing documents responsive to Request No. 17 would be burdensome. Plaintiff's prior statement regarding the "very broad" scope of post-judgment discovery applies to that part of McGlinchey's objection as to discovery related to CPMG, and Plaintiff incorporates that response herein.  Based on the foregoing, the Court should overrule McGlinchey's objection to Request No. 17.

12.     Pursuant to Local Rule 7026-1(d), undersigned counsel certifies that Plaintiff has in good faith conferred with McGlinchey in an attempt to resolve the issues raised in this motion without Court action. After several meet and confers, Plaintiff and McGlinchey were unable to resolve all of their differences regarding Request Nos. 1, 15 and 17. Hence, the filing of this motion to compel.

8926754-3

WHEREFORE, Plaintiff respectfully requests that the Court enter an order (i) overruling McGlinchey's Objections as set forth above; (ii) compelling McGlinchey to respond to Request Nos. 1, 15 and 17 to the Subpoena to Produce Documents as set forth above; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: April 22, 2019

Respectfully submitted,

BERGER SINGERMAN LLP
*Counsel for Plaintiff*
1450 Brickell Ave., Suite 1900
Miami, Florida 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By:    */s/ Paul A. Avron*
     James D. Gassenheimer
     Florida Bar No. 959987
     jgassenheimer@bergersingerman.com
     Paul A. Avron
     Florida Bar No. 50814
     pavron@bergersingerman.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served electronically through the Court's CM/ECF system on all parties on the attached Electronic Mail Notice List, and via electronic transmission and U.S. Mail, postage prepaid, upon McGlinchey Stafford, PLLC, 10407 Centurion Parkway North, Suite 200, Jacksonville, FL  32256, Attn: Kimberly Held Israel, Esq., email: kisrael@mcglinchey.com on this 22nd day of April, 2019.

*/s/ Paul A. Avron*
Paul A. Avron

8926754-3

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Paul A Avron     pavron@bergersingerman.com,
  efile@bergersingerman.com;efile@ecf.inforuptcy.com;mday@bergersingerman.com
- James D. Gassenheimer     jgassenheimer@bergersingerman.com,
  efile@bergersingerman.com;efile@ecf.inforuptcy.com
- Bradley M Saxton     bsaxton@whww.com,
  scolgan@whww.com;scolgan@ecf.courtdrive.com;csmith@whww.com;csmith@ecf.courtdrive.com
- Paul Steven Singerman     singerman@bergersingerman.com,
  efile@bergersingerman.com;mdiaz@bergersingerman.com;efile@ecf.inforuptcy.com

**<u>EXHIBIT A</u>**

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

Middle                          District of                          Florida

In re Taylor, Bean & Whitaker Mortgage Corp.
_____
Debtor

Case No. 09-bk-07047
_____

*(Complete if issued in an adversary proceeding)*

Neil F. Luria, Plan Trustee
_____
Plaintiff

Chapter 11
_____

v.

Thunderflower, LLC
_____
Defendant

Adv. Proc. No. 3:11-ap-000693-JAF
_____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: McGlinchey Stafford, PLLC, c/o NRAI Services, Inc., Registered Agent, 1200 South Pine Island Road, Plantation, FL 33324
_____
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Berger Singerman LLP, One Town Center Road, Ste. 301, Boca Raton, FL  33486 | February 8, 2019 @ 5:00 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 1/10/2019
_____

CLERK OF COURT

OR

_____                    /s/ Paul A. Avron
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Plaintiff, Neil F. Luria, Plan Trustee
_____ , who issues or requests this subpoena, are:

Paul A. Avron, Esq., Berger Singerman LLP, One Town Center Road, Ste. 301, Boca Raton, FL  33486 (561) 241-9500, pavron@bergersingerman.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE "A"
## DEFINITIONS AND INSTRUCTIONS

Unless the context of a specific request requires otherwise, the following definitions and instructions shall apply to these requests:

A. "Adversary Proceeding" as used herein means Adversary Proceeding Number 3:11-ap-693-JAF pending before the United States Bankruptcy Court for the Middle District of Florida, styled Neil F. Luria, as Trustee to the Taylor, Bean & Whitaker Plan Trust v. Thunderflower, LLC.

B. "Blake's" as used herein means "Blake's on the Park," an entertainment establishment located at 227 10th Street NE, Atlanta, GA 30309.

C. "Chisholm Properties" as used herein means Chisholm Properties of Atlanta, L.L.C., a Georgia limited liability company.

D. "Communications" means any oral or written statement, dialogue, colloquy, discussion or conversation, and, also, means any transfer of thoughts or ideas between persons or corporate entities by means of documents and includes transfer of data from one location to another location by electronic means.

E. "Court" as used herein means the United States Bankruptcy Court for the Middle District of Florida.

F. "CPMG" as used herein means CPMG, LLC, a Georgia limited liability company.

G. "Document(s)" as used herein means any written, printed, graphic or recorded matter and any other object or tangible thing, including, without limitation, the original and all non-identical copies and drafts (including all copies and drafts that are different on the basis of revisions, strikeouts, additions, marginalia of any kind, highlighting, comments, or other distinguishing characteristics whether written, printed, tangible, or electronic) of any of the following: correspondence; memoranda; notes; minutes; advertising and press releases; transcripts; affidavits; summaries; calendar, journal or diary entries; recordings, whether audio, video, digital, magnetic, or other; surveys, tables, charts or other spreadsheet or statistical compilations; ledgers and other financial records or statements; ledgers and other financial records or bank statements, cancelled checks, deposit records, ACH, electronic wire transfers and/or wire transfers; and any and all computer data including electronic mail, electronic records, electronic documents and any other electronically or computer stored data (including text, graphics, audio and/or video), whether or not ever printed or displayed, and whether stored on hard drive, server or mainframe. The term "document(s)" shall also include the files in which any responsive documents are maintained, including file folders and file jackets. The meaning of "document(s)" shall be construed as broadly as permitted by the Florida Rules of Civil Procedure; and any other item included within the scope of Federal Rule of Civil Procedure 34. The meaning of "document(s)" shall be construed as broadly as permitted by the Federal Rules of Civil Procedure.

H.      "McGlinchey" as used herein means McGlinchey Stafford PLLC.

I.      "OM SHIV" as used herein means "OM SHIV 960, LLC" a Georgia limited liability company.

J.      "Person" as used herein means any natural person or any entity, including without limitation any individual, firm, corporation, company, joint venture, trust, tenancy, association, partnership, business, agency, department, bureau, board, commission, or any other form of public, private or legal entity.

K.  "Primal" as used herein means the nightclub, restaurant, or bar operated or formerly operated at 960 Spring Street, Atlanta, Fulton County, Georgia 30309 known as Primal or Primal Nightclub Atlanta (including but not limited to any prior uses or names such as WETBar and Blu).

L.      "Related to", "relating to", "referring to" or "references" as used herein means containing, constituting, showing, mentioning, reflecting, evidencing, discussing, or pertaining in any way, directly or indirectly, to the subject matter identified in the Request, and includes any documents supporting, denying, underlying or used in the preparation of any document called for by each Request.

M.      "Thunderflower" as used herein means Thunderflower, L.L.C., a Florida limited liability company, and/or Thunderflower, L.L.C., an Illinois limited liability company.

N.      "TBW Main Case" as used herein means the chapter 11 bankruptcy case of Taylor, Bean & Whitaker Mortgage Corporation, Case Number 3:09-bk-07047-JAF, pending before the United States Bankruptcy Court for the Middle District of Florida.

O.      "You" or "Your" (whether capitalized or not) as used herein means McGlinchey Stafford PLLC, and includes any and all agents, employees, attorneys and any other person or entity acting or purporting to act on Your behalf.

P.      As used herein, the conjunctions "and" and "or" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions and shall _not_ be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any Request.

Q.      Any reference herein to any public or private company, partnership, association, or other entity includes such entity's subsidiaries and affiliates, as well as the present and former directors, officers, employees, attorneys, agents and anyone acting on behalf of, at the direction of, or under the control of the entity, its subsidiaries or its affiliates.

R.      Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall _not_ be interpreted so as to exclude any information or documents otherwise within the scope of the Request.

2

S.      If You contend that you are entitled to withhold any responsive document(s) on the basis of privilege or other grounds, for each and every such document specify:

(i)    The type or nature of the document;

(ii)   The general subject matter of the document;

(iii)  The date of the document;

(iv)   The author, addressee, and any other recipient(s) of the document; and

(v)    The basis on which you contend You are entitled to withhold the document.

T.      You must produce all documents within your care, custody or control that are responsive to any of these Requests.  A document is deemed within your care, custody or control if you have the right or ability to secure the document or a copy thereof from any other person having physical possession thereof.

U.      Production of Electronically Stored Information ("ESI") or any electronically stored data shall be in native format unless otherwise agreed, consistent with **Exhibit 1**.  In producing Documents consisting of electronically stored data in machine-readable form in response to any Request, provide such data in a form that does not require specialized or proprietary hardware or software.

## DOCUMENT REQUESTS

1.    Any and all engagement letters or retainer agreements, or supplements to engagement letters or retainer agreements, or other documents reflecting or relating to any agreement entered into between You and Thunderflower, LLC pursuant to which Thunderflower hired You to defend it in connection with the Adversary Proceeding.

2.    Any and all engagement letters or retainer agreements, or supplements to engagement letters or retainer agreements, or other documents reflecting or relating to any agreement entered into between You and Thunderflower, LLC pursuant to which Thunderflower hired You to represent Thunderflower's interests in connection with the TBW Main Case.

3.    Any and all engagement letters or retainer agreements, or supplements to engagement letters or retainer agreements, or other documents reflecting or relating to any agreement entered into between You and any Person in respect of Your representation of Thunderflower in connection with the Adversary Proceeding.

4.    Any and all engagement letters or retainer agreements, or supplements to engagement letters or retainer agreements, or other documents reflecting or relating to any agreement entered into between You and any Person in respect of Your representation of Thunderflower's interest in connection with the TBW Main Case.

5.    Any and all documents You relied upon to form Your belief that you were authorized to serve as legal counsel for Thunderflower in the Adversary Proceeding and in the TBW Main Case, including all such documents which reflect i. the commencement of Your relationship as counsel to Thunderflower, and ii. the termination of Your relationship as counsel to Thunderflower, sufficient to identify who commenced Your relationship and who terminated Your relationship with Thundeflower.

6.    Any and all documents evidencing or tending to evidence the current ownership of Blake's.

7.    Any and all documents evidencing or tending to evidence the current ownership of Primal.

8.    Any and all documents evidencing or tending to evidence the current ownership of Thunderflower.

9.    Any and all documents evidencing or tending to evidence the current ownership of Chisholm Properties.

10.    Any and all documents evidencing or tending to evidence the current ownership CPMG.

11.    Any and all documents evidencing or tending to evidence the transfer of or change in ownership of Blake's at any time between August 4, 2009 and the Present.

4

8828725-2

12.     Any and all documents evidencing or tending to evidence the transfer of or change in ownership of Primal at any time between August 4, 2009 and the Present

13.     Any and all documents evidencing or tending to evidence the transfer of or change in ownership of Thunderflower at any time between August 4, 2009 and the Present.

14.     Any and all documents evidencing or tending to evidence the transfer of or change in ownership of Chisholm at any time between August 4, 2009 and the Present.

15.     Any and all documents evidencing or tending to evidence the transfer of or change in ownership of CPMG at any time between August 4, 2009 and the Present.

16.     Any and all documents evidencing or tending to evidence payments to McGlinchey of attorneys' fees and/or reimbursement of costs by Thunderflower, or any entity or Person on behalf of Thunderflower.

17.     Any and all documents provided to You by Lee Farkas, Joseph Ellis, Gregory Hicks, Sanjay (Sonny) Bector, and/or Alan Briggs relating to the ownership of each or any of (i) Thunderflower; (ii) CPMG; (iii) Chisholm Properties; and (iv) Blake's.

8828725-2

**EXHIBIT 1**
**Production of Electronically Stored Information (ESI)**
**FORM OF PRODUCTION**

1.      Plaintiff requests that all ESI (electronically stored information) be produced as follows:

2.      ESI will be produced (printed and loaded) in 300DPI resolution or greater, Group IV Monochrome Tagged Image File Format (.TIF) files in single-page format, with **ALL** native files provided and word searchable OCR/extracted text (Optical Character Recognized – i.e. searchable text) in UTF-8 format. Color photographs should be produced as color JPEG images. Email natives will be delivered in MSG or EML format. Load files will be provided in Opticon (.OPT) format and an IPRO LFP (.lfp) format. Metadata will be provided in a DAT file with standard Concordance delimiters. The text files containing the OCR/Extracted Text shall be produced in multi-page format with the name corresponding to its associated document. **All small and oversized images should be resized to fit on 8.5x11 canvas.**

3.      The files should be delivered with the following folder structure:

- **IMAGES** – contains the TIF and JPG files, up to 10,000 items.
  **DATA** – contains the OPT and LFP files and the metadata text file (DAT)
  **NATIVES** – contains all the original native files named as the BEGDOC
- **TEXT** – contains the document-level OCR/Extracted text files named as the BEGDOC

| Eclipse Metadata Field | Field Description |
|---|---|
| BegDoc | BegDoc |
| EndDoc | EndDoc |
| BegAttach | BegAttach |
| EndAttach | EndAttach |
| Application | Application/Application Name |
| AttachmentIDs | Bates numbers of attachment(s) |
| Attachments | Names of attachment files |
| AttachRange | Attachment Range |
| Authors | Document author |
| BCC | BCC (Name + email) |
| CC | CC (Name + email) |
| Companies | Company name |
| Custodian | Custodian (Last, First) |
| DateCreated | Date created (MM/DD/YYYY) |
| DateReceived | Date email received (MM/DD/YYYY) |
| DateSaved | Date last saved (MM/DD/YYYY) |

| DateSent | Date email sent  (MM/DD/YYYY) |
|---|---|
| Doctitle | Title |
| FileType | Document Type Description |
| FileExtension | File extension |
| Doclink | Link to native files produced |
| ExtractedText | Link to text files produced |
| Filename | Original filename |
| FileSize | File size in bytes |
| Folder | Relative Path (Inbox, Sent, etc.) |
| From | Sender (Name + email) |
| Hash_Code | MD5 hash |
| Header | Email header |
| InternetMSGID | IntMsgID |
| MessageID | MsgID |
| NumAttachments | Attachment count |
| NumPages | Page count |
| ParentID | Parent bates number |
| Password_Protect | Y/N field |
| Read | Y/N |
| SHA1 | SHA1 hash |
| Sources | CD, DVD, hard drive; brief desc. of data |
| StoreID | Name of PST/NSF file (if relevant) |
| Subject | Email/Document subject |
| TimeReceived | Time email received (12-hour HH:MM) |
| TimeSent | Time email sent (12-hour HH:MM) |
| To | To (Name + email) |

4.    **For .xls (**Excel**), .ppt (PowerPoint), and .doc (Word) files** the following additional metadata fields should be included:

| Excel_Comments | Comments |
|---|---|
| Excel_HiddenColumns | Hidden Columns |
| Excel_HiddenRows | Hidden Rows |
| Excel_HiddenWorksheets | Hidden Worksheets |
| Num_Lines | Number of lines |
| Num_Paragraphs | Number of paragraphs |
| Num_slides | Number of slides |
| Num_Notes | Number of notes |
| Num_HiddenSlides | Number of hidden slides |
| Num_Multimedia | Number of multimedia clips |
| Security | Security |

2

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHAPTER 11
CASE NO.:  3:09-bk-07047-JAF
CASE NO.:  3:09-bk-10022-JAF
CASE NO.:  3:09-bk-10023-JAF

TAYLOR, BEAN & WHITAKER
MORTGAGE CORP.,

Jointly Administered Under
CASE NO. 3:09-bk-07047-JAF

Debtor.

_____

NEIL L. LURIA, as Trustee to the
TAYLOR, BEAN & WHITAKER PLAN TRUST,  ADV. NO.: 3:11-ap-00693-JAF

Plaintiff,

v.

THUNDERFLOWER, LLC,

Defendant.

_____/

## OBJECTIONS AND RESPONSE TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS

COMES NOW Non-party, McGlinchey Stafford, PLLC ("McGlinchey"), and pursuant to

Rule 45, Fed.R.Civ.P., hereby objects to and responds to the Subpoena to Produce Documents,

Information or Objects dated January 10, 2019, propounded by Plaintiff, Neil F. Luria, Plan

Trustee, as follows:

## GENERAL OBJECTIONS

1.    McGlinchey objects to Plaintiff's "Definitions" to the extent they purport to

impose discovery obligations that differ from or exceed the obligations imposed by the

applicable Federal Rules of Civil Procedure.

1367829.1

2.     McGlinchey objects to Plaintiff's definition of "Thunderflower" as including an Illinois limited liability company that was not a party to the underlying adversary proceeding; nor an entity that McGlinchey has ever appeared for in this action; and for whom Plaintiff specifically stated that it had not sued in this action. Plaintiff's attempts to lump two separate and distinct entities together in one definition is improper and overreaching.

3.     McGlinchey objects to the Requests to the extent they seek information protected by the attorney-client privilege, the work-product privilege, or any other privilege, protection, or immunity applicable under the governing law.

4.     McGlinchey objects to the Requests to the extent they seek information that can be obtained by Plaintiff through other means without undue hardship, expense and/or burden.

5.     McGlinchey objects to any request to the extent that it seeks documents in connection with the "TBW Main Case" as defined in the Subpoena. The records of the Court for the TBW Main Case do not appear to reflect any participation by McGlinchey and/or representation of Thunderflower by McGlinchey.

## SPECIFIC RESPONSES

Subject to the general objections set forth above, McGlinchey responds to the individual requests as follows:

1.     Objection as vague, ambiguous, overbroad in scope due to the improper and overreaching definition of Thunderflower. Further, all requested documents are subject to the attorney-client privilege.

2.     While the type of documents requested would ordinarily be subject to and protected by the attorney-client privilege, McGlinchey has no responsive documents.

3.     McGlinchey has no responsive documents.

4.     McGlinchey has no responsive documents.

1367829.1

2

5.      See McGlinchey's objections and response to request number 1 above, as well as its response to request number 2 above.

6.      McGlinchey has no responsive documents.

7.      McGlinchey has no responsive documents.

8.      This request seeks documents that would be subject to and protected by the attorney-client privilege.  However, McGlinchey has no responsive documents.

9.      McGlinchey has no responsive documents.

10.     This request seeks documents that would be subject to and protected by the attorney-client privilege between McGlinchey and CPMG. Plaintiff dismissed its adversary proceeding against CPMG, a separate entity and a non-party to the instant action, without obtaining a judgment against CPMG and cannot use this action/forum in which to conduct discovery about CPMG, for whom the privilege will not be waived and is not being waived. However, McGlinchey has no responsive documents.

11.     McGlinchey has no responsive documents.

12.     McGlinchey has no responsive documents.

13.     This request appears to be duplicative of request number 8 above and seeks documents that would be subject to and protected by the attorney-client privilege.  However, McGlinchey has no responsive documents.

14.     McGlinchey has no responsive documents.

15.     This request seeks documents that would be subject to and protected by the attorney-client privilege between McGlinchey and CPMG, a separate entity for whom the privilege will not be waived and is not being waived.  Plaintiff dismissed its adversary proceeding against CPMG without obtaining a judgment against CPMG and cannot use this action/forum in which to conduct discovery about CPMG.

16.     Objection as a compound request. McGlinchey further objects to the portion of the request that seeks documents evidencing or tending to evidence payment to McGlinchey of attorney's fees and costs by Thunderflower as irrelevant, immaterial, overbroad in time and scope, not likely to lead to the discovery of admissible evidence and privileged (especially any attorney-client communications that may discuss and/or address the payment of attorney's fees and costs). With regard to the portion of the request that seeks documents evidencing or tending to evidence the payment of attorney's fees and costs by any entity or person on behalf of Thunderflower, McGlinchey has no responsive documents.

17.     This request appears to be duplicative of requests numbered 6, 8, 9, 11, 13, 14 and 15, and as such, McGlinchey refers to its responses above accordingly. With regard to the portion of the request seeking the production of documents related to Chisholm Properties or Blake's, McGlinchey has no responsive documents. With regard to the portion of the request seeking documents related to Thunderflower, McGlinchey objects as vague, ambiguous, and overbroad in time and scope due to the improper and overreaching definition of Thunderflower. Further, all requested documents are subject to the attorney-client privilege. With regard to the portion of the request that seeks documents related to CPMG, it seeks documents that are protected by the attorney-client privilege between McGlinchey and CPMG, a separate entity and non-party to the instant action for whom the privilege will not be waived and is not being waived. Further, Plaintiff dismissed its adversary proceeding against CPMG without obtaining a judgment against CPMG and cannot use this action/forum in which to conduct discovery about CPMG.

Respectfully submitted,

_Kimberly H. Israel_

Kimberly Held Israel
Florida Bar # 47287
**McGLINCHEY STAFFORD**
10407 Centurion Parkway North, Suite 200
Jacksonville, FL 32256
Telephone: (904) 224-4449 (Main)
Facsimile: (904) 485-8083
Primary E-mail:  kisrael@mcglinchey.com
Secondary E-mail:  lwhite@mcglinchey.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished via E-mail this 6th day of March, 2019, to: **Paul A. Avron, Esq.**, Berger Singerman, PAvron@bergersingerman.com, *Attorneys for Plaintiff, Neil L. Luria, as Trustee.*

_Kimberly H. Israel_
Attorney