ORDERED.

Dated:  August 14, 2019

_____
Jerry A. Funk
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

TAYLOR, BEAN & WHITAKER
MORTGAGE CORPORATION,
REO SPECIALISTS, LLC, and
HOME AMERICA MORTGAGE, INC.,

    Debtor.
_____/

Chapter 11

Case No.    3:09-bk-07047-JAF
Case No.    3:09-bk-10022-JAF
Case No.    3:09-bk-10023-JAF

(Jointly Administered Under
Case No. 3:09-bk-07047-JAF)

NEIL F. LURIA, as Trustee for the TAYLOR,
BEAN & WHITAKER PLAN TRUST,

    Plaintiff,
v.

THUNDERFLOWER, LLC,

    Defendant.
_____/

Adv. Pro. No.    3:11-ap-0693-JAF

**ORDER DENYING MOTION FOR PROTECTIVE ORDER
AND OBJECTIONS TO SUBPOENAS**

This proceeding is before the Court on the motion for protective order filed by Third-Parties ALAN BRIGGS ("Briggs") and BLAKE'S ON THE PARK, LLC ("Blake's"). (Doc. 103).

Plaintiff NEIL F. LURIA, as the Chapter 11 Trustee for the TAYLOR BEAN & WHITAKER PLAN TRUST (the "Plaintiff") has filed a response in opposition. (Doc. 105). No reply has been filed. For the reasons set forth herein, the Court denies the motion for protective order.

*Background*

Taylor, Bean & Whitaker Mortgage Corporation ("Taylor Bean") filed a Chapter 11 petition in August 2009, case number 3:09-bk-07047. The Court confirmed Taylor Bean's Chapter 11 plan and appointed the Plaintiff as the Chapter 11 trustee in July 2011. (Doc. 3420 ¶ 68, in case no. 3:09-bk-07047). The Plaintiff filed this adversary proceeding in August 2011. (Doc. 1). The essential claims sought to avoid preferences and fraudulent transfers. A final judgment in the amount of $6,176,787.75 was awarded in favor of Plaintiff and against Defendant THUNDERFLOWER, LLC ("Thunderflower") in December 2018. (Doc. 97).

In June 2019, the Plaintiff served a subpoena on Briggs and Blake's. (Doc. 103 at 13) (the "Briggs subpoena"); (Doc. 103 at 24) (the "Blake's subpoena"). The subpoenas set a deposition for both third parties and requested various documents from each deponent. The Blake's subpoena enumerates lines of inquiry to be addressed by the corporate representative/s. Briggs and Blake's now object to these subpoenas on several grounds, including attorney-client privilege, work-product doctrine, undue burden/expense, overbreadth in subject matter, and overbreadth in temporal scope.

*Analysis*

"The rules governing discovery in post-judgment execution proceedings are quite permissive." Republic of Argentina v. NML Capital, Ltd., 573 U.S. 134, 138 (2014). "Federal Rule of Civil Procedure 69(a)(2) states that, '[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from *any person* [ ] as provided in the rules or by the procedure

of the state where the court is located.'" Id. at 139 (emphasis added). "The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment." EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012).

"A subpoena is a mechanism commonly used in the discovery process to obtain relevant documents, deposition testimony, and other information from people and entities who are not parties to the litigation." Ellora's Cave Pub., Inc. v. Dear Author Media Network, LLC, 308 F.R.D. 160, 161 (N.D. Ohio 2015). Federal Rule of Civil Procedure 45(e)(2) requires that any party withholding subpoenaed information pursuant to a claim of privilege to produce a privilege log.

Here, the central question presented by Briggs and Blake's boilerplate[1] objections is whether the enumerated lines of inquiry and requested documents are reasonably calculated to assist in collecting on the judgment obtained against Thunderflower, in this adversary proceeding. In his response, the Plaintiff has provided a sworn deposition of Briggs that was taken in March 2011. (Doc. 10 at 124-200) (Exhibit G.).

At the deposition, Briggs testified that: a) he is (or was at the time) the managing member of Thunderflower; b) Thunderflower owns an entity named CPMG, LLC ("CPMG"); c) CPMG owns Blake's; d) Blake's is a bar/restaurant in Atlanta; e) he oversees operations of Blake's; and f) he receives a salary from CPMG. (Doc. 15 at 129-132, 151). Neither Briggs nor Blake's has replied as to this deposition testimony. Based on this testimony, it is clear that the discovery is reasonably calculated to assist in collecting from Thunderflower. Put differently, a sufficient nexus exists between the sought-after discovery and post-judgment collection efforts.

---

[1] While the number of objections is extensive, the motion cites no case law supporting any substantive argument. (Doc. 103). The objections are mostly conclusory and offer little or no specific analysis.

The discovery sought is not overbroad. All the entities about which the Plaintiff seeks discovery are sufficiently tied to Thunderflower. Further, neither Briggs nor Blake's has explained why production of this discovery is unduly burdensome, and the discovery does not appear unduly burdensome on its face. The objection argues the discovery is unduly burdensome because Plaintiff has not shown why he cannot obtain the same discovery elsewhere. This, however, is not the standard, and the argument is legally insufficient.

As to privilege, neither Briggs nor Blake's has produced a privilege log. This is the second time the objecting attorney has raised a lengthy but empty privilege-based objection without producing a privilege log, during post-judgment discovery in this proceeding. (Doc. 104). This is a waste of the parties' time and the Court's time.

Accordingly, it is hereby ORDERED as follows:

1. The motion for protective order (Doc. 103) is DENIED and all objections contained therein are OVERRULED.

2. The parties shall reschedule the depositions to a mutually agreeable time and place, to occur no later than forty-five (45) days from the date of this Order. If the parties cannot agree on a time and place to hold the depositions, the Court will set by written order the time and place at which the parties shall appear.

3. Briggs and Blake's shall each produce, no later than seven (7) days *before* each party's respective deposition, all non-privileged documentation responsive to the subject subpoenas.

4. If Briggs or Blake's claim that any responsive documents are privileged, they shall produce a legally sufficient privilege log no later than seven (7) days *before* each party's respective deposition. See (Doc. 104 at 6).